UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | |
|---|---|
| MICHAEL THOMAS LEWIS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PENNSYLVANIA HIGHER )<br>EDUCATION ASSISTANCE AGENCY )<br>and EDUCATIONAL CREDIT )<br>MANAGEMENT CORPORATION, )<br>)<br>Defendants. | Civil No: 3:16-cv-0019-GFVT<br><br>**MEMORANDUM OPINION**<br>**&**<br>**ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Michael Thomas Lewis, the *pro se* Plaintiff, filed a verified complaint alleging violation of 42 U.S.C. § 1985, abuse of process, conversion, and intentional infliction of emotional distress by the Defendants, Pennsylvania Higher Education Assistance Agency and Educational Credit Management Corporation. [R. 1.] Following a *pro se* Chapter 7 bankruptcy proceeding in the Southern District of Indiana Bankruptcy Court, the Plaintiff believed that student loan debt in the amount of $28,883.36 was discharged. The interest in the student loan, originally held by Nelnet, was assigned to the Pennsylvania Higher Education Assistance Agency (PHEAA) and later the Educational Credit Management Corporation (ECMC). Following an intervening Chapter 13 bankruptcy proceeding where the Plaintiff also petitioned the court *pro se*, PHEAA and later ECMC attempted to collect on the outstanding obligation. ECMC ultimately resorted to serving the Plaintiff's employer with a wage garnishment order. Presently before the Court is the Defendants' Motion to Dismiss [**R. 9**], which, for the reasons set forth below, will be **GRANTED**.

# I

## A

Given the present context, the factual summary that follows is taken from the verified complaint [R. 1] and construed in favor of the plaintiff.  *See Crugher v. Prelesnik*, 761 F.3d 610, 614 (6th Cir. 2014) (citation omitted).  As Mr. Lewis is appearing pro se, his complaint is held to less stringent standards than those drafted by attorneys.  *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999).  But, in the context of a Motion to Dismiss, the Court "need not accept as true legal conclusions or unwarranted factual inferences." *Id.* (citation omitted).  The Plaintiff filed a *pro se* voluntary Chapter 7 bankruptcy petition in October, 2005, in the Southern District of Indiana Bankruptcy Court. [R. 1 at 2.]  In this bankruptcy petition, case number 05-26202-JKC-7A, the Plaintiff notified the bankruptcy court of student loan obligations to Nelnet in the amount of $28,883.36.  [*Id.* at 2-3.]  Plaintiff alleges that Nelnet held an unsecured non-priority claim in these loans and that the student loans were "incurred through a subsidiary of US Bank, EFS Services" but "guaranteed by PHEAA." [*Id.* at 3.]

During the Chapter 7 proceedings, notices were sent to all creditors which "indicat[ed] February 14, 2006 as the deadline to file a complaint objecting to discharge of the debtor…" [R. 1 at 3.]  No creditors objected by the filing deadline.  *See id.*  "On May 16, 2006 the debtor Plaintiff was awarded a general discharge that made no mention that the student loans were not included in the discharge or that the loans were non-dischargeable." [*Id.*]  Later, in June, Nelnet filed a claim for money loaned against the estate.  Nelnet confirmed that "[t]here is no collateral or lien securing your claim" when notifying the estate of the student loan debt.  Plaintiff, acting *pro se*, alleges insufficient process in claiming "immunity from the discharge of student loan

under 11 U.S.C. § 524(8)(a) Exemptions." [*See* R. 1 at 3-4.]  Plaintiff also alleges that the student loans should be discharged because there are a lack of records that confirm that the loans were held by "a government unit, institutes of higher education or the corporate contracted guarantor during the two and a half year pendency of the bankruptcy case as required by legislative law and intent." [R. 1 at 4.]

In November, 2006, Nelnet received $643.27 from the bankruptcy trustee following liquidation of nonexempt assets towards the outstanding student loan obligation of $29,371.51. [*Id.*]  Plaintiff argues that "[t]here has not been a judgment or order under case number 05-26202-JKC-7A that states that the student loans were non-dischargeable or that the loans can be collected on." [R. 1 at 6.]  Plaintiff states that both Nelnet and PHEAA "honored the bankruptcy discharge for approximately 8 years." [*Id.*]  In November, 2012, the Plaintiff voluntarily filed a *pro se* Chapter 13 bankruptcy petition that was assigned case number 12-13217-JKC-13.  [*Id.*]

On April 12, 2013, PHEAA "filed a proof of claim in [the] subsequent bankruptcy case for the amount of $38,510.59, which included over $10,000.00 in interest from the time of the initial bankruptcy." [*Id.*]  Plaintiff then states that in July, 2013, PHEAA assigned its interest in the uncollected loans to Educational Credit Management Corporation (ECMC) but that this transfer was improper as these loans were "subject to a discharge in a subsequent bankruptcy case." [R. 1 at 8.]  Plaintiff objected to the claim on August 6, 2013, alleging that they had been previously discharged.  [*Id.*]  ECMC responded to the objection raising the defense of *res judicata*, as ECMC believed the previous chapter 7 proceedings had served as a final judgment on the merits.  Plaintiff then concedes that in the chapter 13 proceedings, "[a]lthough legally a mischarge [*sic*] of justice, ECMC was awarded a judgment under 12-13217-JKC-13 in ECMC favor." [R. 1 at 8.]

3

Despite an adverse ruling in the Chapter 13 bankruptcy court proceedings, the Plaintiff insists that the student loans were discharged in the Chapter 7 proceedings pursuant to 11 U.S.C. § 524 and 18 U.S.C. § 1509. [*See* R. 1 at 8-9.] On October 6, 2013, the Chapter 13 bankruptcy proceedings were closed and shortly thereafter dismissed because the Plaintiff failed to make payments as required by the plan. [*See* R. 1 at 9.] While the timeline is not sufficiently clear from the complaint, the Plaintiff does allege that on March 12, 2015, PHEAA officially assigned its interest in the student loans to ECMC and ECMC accepted rights as guarantor by assignment. [*See* R. 1 at 9.] Following this transfer of interest, Plaintiff was notified that his allegedly discharged student loan obligations were not discharged by either bankruptcy proceeding and that the outstanding loan was in default and had increased in value to $57,527.61. [*Id.*]

Plaintiff attempted to obtain additional information concerning his loan obligation from ECMC, PHEAA, and the Department of Education. Upon receiving unsatisfactory responses, Plaintiff faxed a copy of the original chapter 7 general discharge to prove that the student loan debt had been discharged and to warn ECMC that awards have been given to individuals that are repeatedly harassed by collection attempts on debts that were not actually owed. [R. 1 at 9.] Plaintiff is employed by Allegis Group. In 2015, Allegis Group was presented with an "Order of Withholdings" by ECMC that required the employer to garnish Plaintiff's wages. [*Id.* at 10.] This Order of Withholdings "made no mention of the Title 11 bankruptcy discharge that ECMC was bound by." [*Id.*] Beginning March 23, 2015, Allegis Group began complying with the order and garnished plaintiff's wages.[1]

---

[1] Plaintiff states that his employer "started garnishment March 23, 2015" in [R. 1 at 10.] Plaintiff mistakenly asserts that his employer was served with the Order of Withholdings "[o]n August 11, 2015." [*Id.*] Defendants confirm that Plaintiff had notice of default on the student loans in March, 2015, and that the wages were garnished beginning March 23, 2015. [R. 9-1 at 4.]

4

In the Complaint Mr. Lewis alleges that PHEAA violated 42 U.S.C. § 1985 and the civil tort of abuse of process. Further allegations are raised against ECMC for violating 42 U.S.C. § 1985, conspiracy to interfere with civil rights, as well as the civil tort of abuse of process. ECMC is also charged with the civil tort of conversion for serving the Plaintiff's employer with a garnishment order, and ECMC and PHEAA are both accused of intentional infliction of emotional distress. [*See* R. 1 at 14-15.] A jury trial is demanded.

**B**

This case is before the Court pursuant to its diversity jurisdiction under 28 U.S.C. § 1332(a)(1). Plaintiff Michael Thomas Lewis resides in the Eastern District of Kentucky in Shelbyville, Kentucky. [R. 1 at 2.] Defendant Pennsylvania Higher Education Assistance Agency is a corporate entity with its principal place of business in Harrisburg, Pennsylvania. Defendant Educational Credit Management Corporation is a corporate entity located in Oakdale, Minnesota. [*Id.*] The Plaintiff alleges that the amount in controversy is in excess of $75,000, therefore this court has subject matter jurisdiction as the parties are diverse. Further, the Plaintiff also alleges that jurisdiction is appropriate in this civil action as the dispute concerns a federal question, "federal court proceedings and the application of federal regulations." [R. 1 at 2.] In the Joint Motion to Dismiss neither Defendant contests that the jurisdictional requirements have been met. [*See* R. 9-1.] Defendants move to dismiss the complaint. [R. 9.] Since the parties have not agreed to dismissal of any claims, they all remain before the Court.

**II**

**A**

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to seek dismissal of a complaint which fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

5

In making such a motion, "[t]he defendant has the burden of showing that the plaintiff has failed to state a claim for relief." *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (citing *Carver v. Bunch*, 946 F.2d 451, 454-55 (6th Cir. 1991)). Federal Rule 8 requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, to survive a motion to dismiss, the complaint "must contain either direct or inferential allegations" establishing each material element required for recovery under some actionable legal theory. *Bishop v. Lucent Technologies, Inc.*, 520 F.3d 516, 519 (6th Cir. 2008) (internal citation and quotation marks omitted).

When reviewing a Rule 12(b)(6) motion, the Court "construe[s] the complaint in the light most favorable to the plaintiff, accept[s] its allegations as true, and draw[s] all reasonable inferences in favor of the plaintiff." *DirecTV, Inc.*, 487 F.3d at 476 (citation omitted). The Court, however, "need not accept as true legal conclusions or unwarranted factual inferences." *Id.* (citation omitted). Moreover, as is now well known, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In other words, the facts that are pled must rise to the level of plausibility, not just possibility – "facts that are merely consistent with a defendant's liability . . . stop[ ] short of the line between possibility and plausibility." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). According to the Sixth Circuit, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *DirecTV, Inc.*, 487 F.3d at 476 (citing *Twombly*, 550 U.S. at 556). Thus, the plaintiff must at least "provide the grounds of his entitlement to relief, [which] requires

6

more than labels and conclusions. . . ." *Twombly*, 550 U.S. at 555 (internal citations and quotation marks omitted).

When ruling on a Rule 12(b)(6) motion, a district court generally may not consider matters presented outside the pleadings unless it converts the motion into one for summary judgment under Rule 56. Fed. R. Civ. P. 12(d); *Heinrich v. Waiting Angels Adoption Servs., Inc.*, 668 F.3d 393, 405 (6th Cir. 2012). The district court, however, also has the discretion to ignore such evidence and resolve the motion solely on the basis of the pleadings. *Heinrich*, 668 F.3d at 405; *Max Arnold & Sons, LLC v. W.L. Hailey & Co., Inc.*, 452 F.3d 494, 502-03 (6th Cir. 2006) (collecting cases). Certain matters beyond the allegations in the complaint such as "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account." *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001) (citations and internal quotation marks omitted). Additionally, the Sixth Circuit has held that when a *defendant* attaches undisputed documents to a motion to dismiss, they "are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Id.* (citations and internal quotation marks omitted). In the instant action, all documents considered by the court were either matters of public record, orders, or items appearing in the record of the case, therefore the court need not convert the motion into one for summary judgment.

**B**

At the outset, the Defendants assert that the Plaintiffs' claims must fail, as Mr. Lewis' allegations cannot survive as a threshold matter. Defendants argue that Plaintiffs' student loans were not discharged in the initial chapter 7 bankruptcy proceeding, therefore, the Defendants acted lawfully in attempting to collect on these defaulted loans and the Complaint must be

dismissed in its entirety. [R. 9-1 at 5.] Plaintiff alleges that the student loans in question were discharged in the Chapter 7 bankruptcy proceeding and Defendants' actions are unlawful. [*See* R. 1.] Fundamentally, the complaint must provide the defendant with "fair notice" of the claims asserted against him and the grounds for those claims. *See Tellabs, Inc. v. Makor Issues & Rights*, Ltd., 551 U.S. 308, 319 (2007).

**1**

As a preliminary matter, the question presented is whether the student loans in question were discharged by the initial bankruptcy proceedings. The Plaintiff, Mr. Lewis, alleges that the student loans "were properly discharged in a chapter 7 bankruptcy" proceeding and that despite that bankruptcy court ruling "the defendants are illegally collecting on the loans." [R. 1 at 1.] While this court does "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw[s] all reasonable inferences in favor of the plaintiff," this court also "need not accept as true legal conclusions or unwarranted factual inferences" made in the complaint. *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). Therefore, the Plaintiff's conclusory statement that the loans were properly discharged will not be accepted by the court and must be independently reviewed.

In bankruptcy proceedings, outstanding student loans are not discharged unless an adversary proceeding is commenced to demonstrate that the loans impose an undue hardship. 11 U.S.C. § 523(a)(8); *see also In re Cheesman*, 25 F.3d 356 (6th Cir. 1994) (explaining that Congress limited student loan discharge through bankruptcy to student loans that create undue hardship so as to prevent graduating students from filing bankruptcy to obtain an immediate

discharge of educational loan debt.)[2] If these proceedings are not commenced by the Plaintiff the Supreme Court has clarified that student loans are "presumptively nondischargeable" and that this process exists because student loans are "singl[ed] out for an individualized adjudication." *Tennessee Student Assistance Corp. v. Hood*, 541 U.S. 440, 450 (2004).

The Plaintiff states that during the Chapter 7 proceedings the Court provided a deadline of February 14, 2006, for objections to discharge the debtor and that no creditor "objected to the discharge of the student loans" thereby "missing their opportunity to have such matters litigated in court." [R. 1 at 3.] But, the Sixth Circuit has clarified, "[s]ection 523(a)(8)(B) creates a presumption that student loans are nondischargeable in bankruptcy, and the burden of challenging that presumption falls on the debtor." *In re Cheesman*, 25 F.3d 356, 362 (6th Cir. 1994) holding modified by *In re Oyler*, 397 F.3d 382 (6th Cir. 2005). Since the burden to act falls on the debtor, Mr. Lewis, and here he failed to initiate adversary proceedings, it is Mr. Lewis that must suffer the consequences of failing to initiate proper procedures for discharging his student loans.[3]

Mr. Lewis alleges that the May 16, 2006, general discharge "made no mention that the student loans were not included in the discharge or that the loans were non-dischargeable" but this assertion is incorrect. [R. 1 at 3.] In the Plaintiff's Response to Defendant's Joint Motion to Dismiss [R. 11], Mr. Lewis attached the "Discharge of Debtor" order from the chapter 7 bankruptcy proceedings as Exhibit B. [R. 11-3 at 2.] This exhibit was incomplete, as Mr. Lewis

---

[2] This was codified at 11 U.S.C. § 523(a)(8) which states: "[a] discharge . . . under this title does not discharge an individual debtor from any debt – unless excepting such debt from this discharge under this paragraph would impose an undue hardship on the debtor and the debtor's dependents, for… a qualified education loan."

[3] Mr. Lewis chose to pursue the chapter 7 bankruptcy proceedings (and chapter 13 proceedings) without the assistance of counsel. Even though he was a *pro se* plaintiff during these proceedings, Mr. Lewis was afforded due process and "ignorance of the law will not excuse any person." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 574, (2010); *see also United States v. Int'l Minerals & Chem. Corp.*, 402 U.S. 558, 563 (1971) (holding "the principle that ignorance of the law is no defense applies whether the law be a statute or duly promulgated and published regulation.")

only included the first page of the order despite the fact that the order specifically states, "SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION." Defendants attached the complete document as Exhibit A of the Motion to Dismiss [R. 9-1 at 14-15] which includes a section entitled "Debts That are Not Discharged." [*Id.*] Beneath this header is subsection "d." which lists, as a debt not discharged, "[d]ebts for most student loans." [R. 9-1 at 15.] The same document also warns that "[b]ecause the law is complicated you may want to consult an attorney," but the record does not show that Mr. Lewis consulted an attorney at any time. *Id.*

Further, Mr. Lewis states that "Defendants do not offer any proof that the student loans were susceptible to the undue hardship requirement of statute 11 U.S.C. § 523(8)(a) exceptions to discharge and instead wish the court will simply take what they say as being true without actually proving the argument." [R. 11-2 at 7-8.] The "Discharge of Debtor" Order from the chapter 7 proceedings states that, "[t]he debtor is granted a discharge under section 727 of title 11, United States Code, (the Bankruptcy Code)." [R. 11-3 at 2.] Despite Plaintiff's assertions, 11 U.S.C. § 523 (a) specifically states "[a] discharge under section 727 . . . of this title **does not discharge** an individual from any debt-- unless excepting such debt from discharge under this paragraph would impose an undue hardship on the debtor and the debtor's dependents, for--" educational loans. 11 U.S.C. § 523 (a)(8) (emphasis added). In the Plaintiff's Response, "[p]laintiff agrees with Defendants contention [t]hat there is no allegation in the Complaint that the Plaintiff's discharge contained and [*sic*] express finding of undue hardship…" [R. 11-2 at 8 (internal quotation marks omitted).] This concession alone confirms that Mr. Lewis' student loans were not discharged in the initial chapter 7 bankruptcy proceedings.

Mr. Lewis should have been aware, from the general discharge order or from reading 11 U.S.C. § 523, that his student loan obligations were not discharged. Seeing that Mr. Lewis

10

neither initiated an adversary proceeding nor underwent an undue hardship determination while in bankruptcy court, it would be improper for this court to discharge the Plaintiff's student loan debt. Further, the Sixth Circuit has recognized "that § 524 does not impliedly create a private right of action," that would support the Plaintiffs' additional claims against Defendants. *See Pertuso v. Ford Motor Credit Co.*, 233 F.3d 417 (6th Cir. 2000).

**2**

Mr. Lewis also argues that his outstanding student loans were discharged in the subsequent chapter 13 bankruptcy proceedings. Defendants state that the Plaintiff's claims should be barred by *res judicata* or collateral estoppel because the issues were litigated in the chapter 7 bankruptcy proceeding then were reconsidered in the chapter 13 proceedings. [R. 9-1 at 7.] In the chapter 13 proceedings, Mr. Lewis filed an objection to the Claim brought by ECMC but the bankruptcy judge overruled that objection by finding that the student loans were not discharged. [R. 1 at 8.] As mentioned previously, the Plaintiff conceded that, in the chapter 13 proceedings, "[a]lthough a mischarge [*sic*] of justice, ECMC was awarded a judgment under 13-13217-JKC-13 in ECMC favor." [*Id.*]

Defendants attached the bankruptcy court's ruling on Mr. Lewis' objection as Exhibit B to the Memorandum in Support of the Joint Motion to Dismiss. [R. 9-1 at 17-18.] Following a hearing and full briefing on the matter United States Bankruptcy Judge James K. Coachys found that "Debtor did not file an adversary proceeding in the 2005 Bankruptcy to determine the dischargeability of the Student Loan Debt for undue hardship or upon any other grounds." *Id*. Therefore, "[p]ursuant to section 523(a)(8) of the Bankruptcy Code the Student Loan Debt was not discharged by the 2005 Discharge." [R. 9-1 at 18.] The Bankruptcy Judge ultimately concluded that "[d]ebtor has failed to provide factual evidence and or legal justification to

11

support his contention that the Student Loan Debt was discharged in his 2005 Bankruptcy." *Id*. This Court agrees.

Despite this unequivocal ruling and the Plaintiff's concession that this was a ruling in favor of the Defendants, the Plaintiff continues to argue that the student loan debt was discharged in the original chapter 7 proceedings. Mr. Lewis alleges that, since "the bankruptcy case was dismissed for failure to make plan payments . . . "[i]t is well settled law that although there remains a record, all legal force and effect of all judgments . . . were terminated when the case was dismissed." [R. 9 at 9.] But, this dismissal occurred because Plaintiff failed to make required payments and the Bankruptcy Code does not allow dismissal due to failure to pay to result in an "unwinding [of] everything that had ever occurred in a bankruptcy case." [R. 9-1 at 8 (quoting *In re DePew*, 115 B.R. 965, 970 (N.D. Ind. 1999).] Even if *res judicata* does not apply, and the chapter 13 proceedings are disregarded entirely, the Plaintiff's claims would fail as the outstanding loans survived the chapter 7 general discharge order.

In addition to procedural complaints, the Plaintiff brings several claims against the Defendants including the belief that he has been placed into "a position of involuntary servitude, debt bondage and being forced into laboring for the conspirators by fraud, coercion, and threat" because his wages have been garnished. [R. 11-2 at 18.] Mr. Lewis challenged ECMC's garnishment efforts which concluded in an administrative decision by the Department of Education. [*See* R. 11-3 at 5.] In the Administrative Wage Garnishment Hearing Decision [R. 11-3 at 7], the hearing Officer V. Wilson reported that "[t]he Department has determined that your account is subject to collection through administrative wage garnishment of 15% of your disposable pay." [R. 11-3 at 8.] This administrative decision, much like the opinion that will issue from this court, explains why the Plaintiff's student loans were not forgiven, references the

relevant statutory framework, and clearly states that the "defaulted student loan account remains an outstanding obligation." [*Id.*]

The Plaintiff was notified in this hearing decision that he could "make voluntary payments" in a timely manner but that, if he failed to do so, "ECMC may pursue garnishment action against you without further notice." [R. 11-3 at 8.] Following the garnishment of his wages, Mr. Lewis filed the instant action. The Plaintiff demands a jury trial and alleges that the Defendants have acted with "animus" and "reckless indifference to Plaintiff's rights" to collect on student loans that "were properly discharged under [the chapter 7] bankruptcy case." [R. 11-2 at 16.]

The Sixth Circuit requires that a Plaintiff's claims have "facial plausibility" and that the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *DirecTV, Inc.*, 487 F.3d at 476 (citing *Twombly*, 550 U.S. at 556). Here, Mr. Lewis' complaint does little more than present the court with "labels and conclusions" as the complaint fails to "provide the grounds of his entitlement to relief." *Twombly*, 550 U.S. at 555. Seeing that the chapter 7 bankruptcy case did not discharge the student loans, and the Plaintiff's claims are solely predicated on the belief that his loans were discharged in that proceeding, the instant action must be dismissed. Defendants are engaged in the lawful pursuit of collecting on an outstanding debt from a debtor that has defaulted on his loans. Accordingly, the Defendant's Motion to Dismiss [**R. 9**] must be **granted**.

**III**

To survive a motion to dismiss, the complaint "must contain either direct or inferential allegations" establishing each material element required for recovery under some actionable legal theory. *Bishop v. Lucent Technologies, Inc.*, 520 F.3d 516, 519 (6th Cir. 2008) (quoting

*Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005) (internal quotation marks omitted)). Here, Mr. Lewis has not presented law or facts that establish his right to recover under any actionable legal theory. Courts liberally construe the pleadings of pro se claimants and hold their complaints to a less stringent standard than similar pleadings drafted by attorneys. *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir.1999) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)). But, "this lower standard does not, however, mean that a pro se plaintiff is entitled to bring every case to trial." *Taylor v. JPMorgan Chase Bank, N.A.*, 2014 WL 66513 (E.D.Ky. Jan. 8, 2014); *Taylor v. Peach Properties–Osprey Cove, LLC*, 2010 WL 4320395 (E.D.Ky. Oct. 22, 2010). All Plaintiffs, including those that are pro se, must allege sufficient facts to state a plausible claim in order to survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Garrett v. Belmon Co. Sheriff's Dept.*, No. 08–3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010); *Nat'l Bus. Devel. Serv., Inc. v. American Credit Educ. and Consulting, Inc.*, 299 F. App'x 509, 511 (6th Cir. October 31, 2008); *Zibbell v. Michigan Dept. of Human Servs.*, 313 F. App'x 843, 846 (6th Cir. February 23, 2009). Seeing that the Plaintiff did not allege facts sufficient to state a plausible claim, his complaint must be dismissed.

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

    1. The Defendants' Motion to Dismiss for failure to state a claim [**R. 9**] is **GRANTED**; and

    2. The Plaintiff's claims against the Defendants are **DISMISSED**; and

    3. All claims being resolved, the Court will enter an appropriate **JUDGMENT**; and

    4. This case is **STRICKEN** from the active docket of this Court.

This the 1st day of March, 2017.

Gregory F. Van Tatenhove
United States District Judge

15